**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-182-FDW
(5:16-cr-46-FDW-DSC-4)**

| | |
|---|---|
| **REGINALD JERRY SHAW,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's pro se Motion to Alter or Amend, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 6).

## I. BACKGROUND

Petitioner was convicted in this Court, pursuant to a written guilty plea, of conspiracy to traffic methamphetamine, and this Court subsequently sentenced Petitioner to a 151-month prison sentence. Petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence. On November 16, 2018, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, raising two ineffective assistance of counsel claims. (Doc. No. 1). On January 28, 2019, this Court denied and dismissed Petitioner's motion to vacate. (Doc. No. 4). On February 21, 2019, Petitioner filed the pending motion to alter or amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 6).

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

1

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner merely reasserts the same or similar arguments he made in support of his original motion to vacate. Petitioner also complains that he was not allowed to file a Reply before the Court ruled on his motion to vacate. A Section 2255 petitioner does not have the absolute right to file a Reply to a Response by the Government. See Molina v. United States, No. W-09-CR-216(3), 2013 WL 12234022, at *1 (W.D. Tex. July 26, 2013) ( "While Rule 5(d) of the Rules Government § 2255 Proceedings for the United States District

Court permits a petitioner to file a reply brief, no court has held that Rule 5(d) gives a Movant an absolute right to file a reply before the Court rules on the Movant's § 2255.").

## IV. CONCLUSION

Based on the foregoing reasons, the Court will deny Petitioner's Motion to Alter or Amend.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Alter or Amend, (Doc. No. 6), is **DENIED.**

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: February 26, 2019

Frank D. Whitney
Chief United States District Judge